WILLIAM KRONBERG V. P. P. ELDER, *et. al.*

1. FOREIGN RECEIVER; *Appointment; Jurisdiction.* Where the title of the plaintiff, according to the petition, rests upon his appointment as receiver by a court of another state, and the jurisdiction of the state is specially denied, and no testimony is offered as to its jurisdiction, and no record produced of its proceedings, and the court is one whose jurisdiction is not determined by the constitution of the state, in which it exists, and there is nothing to show whether it was a court of general or limited jurisdiction, or in what manner or by what process it claimed to have acquired jurisdiction, or in what proceedings it made the appointment, *held,* that a finding of the district court against the plaintiff will not be reversed in this court.

2. CIVIL CODE—*Section 121 Construed.* Section 121 of the code of civil proceedure, General Statutes, page 652, applies only to the courts and officers of this state.

*Error from Franklin District Court.*

DEFENDANTS *Elder* and *Walruff* had judgment against *Kronberg* for costs, at the August Term 1874, and *Kronberg* brings the case here on error for review.

*Welsh & Meigs,* for plaintiff.

*Benson & Parkinson,* for defendants.

The opinion of the court was delivered by

BREWER, J.: Action on two promissory notes, payable to the order of Maynard, Wells & Co. The allegations of the petition showing title in plaintiff, and right to sue, are—

"That on the 10th of July 1871, this plaintiff was duly appointed receiver of the notes, bills, accounts, property and effects of the firm of Maynard, Wells & Co., by the city court of Brooklyn, state of New York, and that afterward, on the —— day of ——, he gave the requisite bond and security as such receiver, and filed the same with the clerk of said court, properly approved, and entered upon the duties of said office as such receiver, and is now as such receiver in possession of the property, things in action, and effects of said firm, and of the notes here sued on. And the plaintiff further says, that he has been authorized and directed by said city court of Brooklyn to sue upon the notes herein set forth and collect the same."

So much of the answer as is material to the questions to be considered is as follows:

"4.–The defendants further answering say, said city court of Brooklyn, under the constitution and laws of New York, had no jurisdiction to appoint the plaintiff receiver of said Maynard, Wells & Co., as alleged, and had no jurisdiction, power or authority to order this action to be brought in manner and form as alleged.

"5.–The defendants deny each and every allegation in said petition contained, not herein expressly admitted."

No testimony was offered as to any matter referred to in the extract from the petition. The case was tried by the court, without a jury, and a general finding made for defendants.

The counsel for defendants name several matters upon either of which they claim that the ruling of the district court must be affirmed. We shall content ourselves with noticing but a single one. There is nothing by which the jurisdiction of the city court of Brooklyn, to make the appointment of plaintiff as receiver, is shown, or from which it can be inferred. No record of the proceedings in that court was offered in evidence. The constitution of the state of New York discloses nothing as to the jurisdiction of that court, and no evidence was offered of its jurisdiction, or of the statutes of that state. That it appointed plaintiff receiver, and directed him to sue, may perhaps be taken as admitted by a failure to deny the same under oath. But that it had jurisdiction to do this, is not thus admitted. We cannot tell from the record whether that court was one of general or special jurisdiction, in what proceedings it assumed to appoint plaintiff a receiver, or by what process it claimed to have acquired jurisdiction. Surely the mere fact that some court somewhere assumed to appoint plaintiff a receiver, without any evidence of the jurisdiction of the court over the subject-matter or the parties, is not sufficient to warrant a judgment in his favor based upon such appointment. It may be said that under section 121 of the code, (Gen. Stat. p. 652,) the jurisdiction of the court is to be presumed until the contrary appears. While

the language of this section may be broad enough to apply to courts of foreign states, yet the general construction and understanding has been, and properly too, that it applies only to the courts and officers of this state. *M. M. College v. Newton,* 2 Handy, 165; *Hollister v. Hollister,* 10 How. Pr. 539; *Ayers v. Covill,* 18 Barb. 260; *McLaughlin v. Nichols,* 13 Abb. 244; contra, *Halstead v. Black,* 17 Abb. 227.

Whether a receiver appointed by a foreign tribunal can in the absence of statutory authority maintain an action in the courts of this state, may perhaps be questionable. See sustaining directly or by implication the right, High on Receivers, § 47; *Rink v. St. John,* 29 Barb. 585; *Graydon v. Church,* 7 Mich. 50; *Hunt v. Columbian Ins. Co.,* 55 Maine, 297; *Taylor v. Columbian Ins. Co.,* 14 Allen, 355; *Hoyt v. Thompson,* 5 N. Y. 320; *Willetts v. Wath,* 25 N. Y. 577; contra, Edwards on Receivers, p. 7; *Booth v. Clark,* 17 How. (U. S.) 327; *Ins. Co. v. Bennison,* 52 Mo. 17. In the case from U. S. supreme court, *supra,* Justice Wayné says, "Our industry has been tasked unsuccessfully to find a case in which a receiver has been permitted to sue in a foreign jurisdiction for the property of the debtor."

The judgment will be affirmed.

All the Justices concurring.