## EX PARTE ROYALL.

### ORIGINAL.

Argued December 1, 1884.—Decided March 1, 1886.

The petitioner prayed for a writ of habeas corpus on the ground that the State statute under which he was arrested and held in custody was repugnant to the Constitution of the United States: *Held,* That, without deciding whether the court has power under existing legislation, and on habeas corpus, to discharge a prisoner held in custody under process of a State court of original jurisdiction for trial on an indictment charging him with an offence against the laws of that State, such power ought not, for reasons given in *Ex parte Royall, ante* 241, to be exercised in advance of his trial.

This was an original petition for a writ of habeas corpus. The proceedings were founded upon some of the legislation of the State of Virginia respecting the receipt of coupons by the State in payment of taxes which is considered in *Antoni* v. *Greenhow,* 107 U. S. 769; the *Virginia Coupon Cases,* 114 U. S. 269; *Barry* v. *Edmunds,* 116 U. S. 550; *Royall* v. *Virginia,* 116 U. S. 572; *Sands* v. *Edmunds,* 116 U. S. 585; and *Ex parte Royall, ante,* 241. The case is stated in the opinion of the court.

*Mr. William L. Royall* in person and *Mr. Daniel H. Chamberlain* for the petitioner. *Mr. William B. Hornblower* was with them on the brief.

. MR. JUSTICE HARLAN delivered the opinion of the court.

This is an original application by W. L. Royall, to this court, for a writ of habeas corpus, directed to N. M. Lee, sergeant of the city of Richmond, Virginia, commanding him to produce the body of the petitioner before this court, together with the cause of his detention, that he may be discharged from the custody of said ʻofficer. The writ is asked upon the ground that the statute under which he was arrested and is held in custody is repugnant to the Constitution of the United States, and, consequently, that he is restrained of his liberty in violation of that instrument. The petition was filed here on the 1st day of December, 1884. It states the same facts as are set out in the petition in *Ex parte Royall No.* 1, and *Ex parte Royall No.* 2, *ante,* 241, just determined.

The application for the writ must be denied. It is sufficient to say that if this court has power, under existing legislation, and upon habeas corpus, to discharge the petitioner, who is in custody, under the process of a State court of original jurisdiction, for trial on an indictment charging him with an offence against the laws of that State—upon which it is not necessary to express an opinion—such power ought not, for the reasons given in the other cases just decided, to be exercised in advance of his trial.

*Denied.*