UNITED STATES *ex rel.* SILVERMAN *v.* FISCUS, Sheriff.

*(District Court, W. D. Pennsylvania. May 31, 1890.)*

INTOXICATING LIQUORS—INTERSTATE COMMERCE—ORIGINAL PACKAGES—COMMITMENT IN DEFAULT OF BAIL—HABEAS CORPUS.

Upon the return of a writ of *habeas corpus,* it appeared that under a criminal proceeding against the prisoner for a violation of a local statute prohibiting the sale of malt or brewed liquors, etc., in the borough of Leechburg, in Armstrong county, Pa., and also for a violation of the general license law of said state, restraining and regulating the sale of vinous, spirituous, malt, or brewed liquors, he was committed, in default of bail, to the jail of said county for trial. The prisoner alleged, and at the hearing on the *habeas corpus* undertook to show, that the liquors for the sale of which he had been arrested and committed had been imported by a brewing company of the state of Ohio from that state into the state of Pennsylvania, and that he, as the agent of said company, had sold the same in the orig-

inal and unbroken packages; and he claimed his discharge under the decisions of the supreme court in *Leisy* v. *Hardin*, 10 Sup. Ct. Rep. 681, and *Lyng* v. *People*, Id. 725. It was not alleged that the prisoner was unable to give bail, nor was any special reason shown why a court of the United States should interfere with the judicial proceeding in advance of the trial in the state court. *Held*, that it was not to be doubted that the state court would recognize the binding force of the said decisions of the supreme court, and give the prisoner the benefit of them; and, following the practice sanctioned by the supreme court in *Ex parte Royall*, 117 U. S. 241, 6 Sup. Ct. Rep. 734, and acted upon by that tribunal itself in *Ex parte Royall*, 117 U. S. 254, 6 Sup. Ct. Rep. 742, the court refused to discharge the prisoner in advance of his trial, and remanded him to the custody of the authorities of the state, without prejudice to his right to renew his application thereafter, should the circumstances render it proper for him to do so.

*Habeas Corpus.*
*John F. Whitworth* and *Charles S. Fetterman*, for relator.
*J. B. Neale* and *M. F. Leason*, for the Commonwealth.

ACHESON, J. The petition of Charles Silverman for a writ of *habeas corpus* showing the jurisdictional facts and probable cause, the court, under the authority of sections 751, 753, and 754 of the Revised Statutes of the United States, issued such writ, directed to the sheriff of Armstrong county, Pa., commanding him to produce the prisoner in this court, that the cause of his detention might be inquired into. The sheriff has made his return to the writ, and the case has been heard, and is now to be disposed of. It appears that a criminal proceeding was instituted against the prisoner before J. B. Kifer, Esq., a justice of the peace of Armstrong county, Pa., for a violation of a local state statute, approved March 27, 1866, prohibiting the sale of malt or brewed liquors, etc., in the borough of Leechburg, in said county; and for a violatio, also, of the general license law of the state, approved May 13, 1887, to restrain and regulate the sale of vinous, spirituous, malt, or brewed liquors; and under said proceeding the prisoner, in default of bail, was committed by the justice to the jail of said county of Armstrong. The petitioner avers, and has undertaken to show the court, that at the time of the commission of the alleged offense for which he is held he was the agent at Leechburg, Pa., for the Cincinnati Brewing Company, of Hamilton, in the state of Ohio, and that said company consigned from said place in Ohio to themselves at Leechburg, Armstrong county, Pa., to his care as their agent, a quantity of beer in stamped original packages, which he thus received at Leechburg, and, as the agent of said company, sold, as the goods of said company, in said stamped original packages, in the same condition as received by him from the said company, unopened, unaltered, unchanged, and with the stamps unbroken, and that he was not interested in said liquor otherwise than as agent of said company.

The prisoner claims his discharge upon the ground that under the recent decisions of the supreme court of the United States in *Leisy* v. *Hardin*, 10 Sup. Ct. Rep. 681, and *Lyng* v. *People*, Id. 725, popularly known as the "Original Package Cases," he had the lawful right to make such sales, and that for so doing he is not amenable to the criminal laws of the state of Pennsylvania, for the alleged violation of which he has been

arrested and is under commitment. Undoubtedly, the courts of the United States have jurisdiction on *habeas corpus* to discharge from custody a person who is restrained of his liberty in violation of the constitution or a law of the United States, although he may be held under state process for an alleged offense against the laws of such state. This was distinctly held by the supreme court in *Ex parte Royall*, 117 U. S. 241, 6 Sup. Ct. Rep. 740. But it was further held in that case that the courts of the United States have a discretion whether they will discharge the prisoner in advance of his trial in the state court; and Mr. Justice HARLAN, speaking for the court, says:

"That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution."

The decision cited was made upon a writ of error to the circuit court of the United States for the eastern district of Virginia; but upon an original application to the supreme court for a writ of *habeas corpus*, in advance of the trial of the prisoner in the state court, the writ was denied. *Ex parte Royall*, 117 U. S. 254, 6 Sup. Ct. Rep. 742. Now, the question of the constitutionality of the laws of Pennsylvania here in question, as they affect interstate commerce, can be raised by the prisoner (Silverman) upon his trial in the state court, and his defense there made; and it is not to be doubted that that court will recognize the binding force upon all judicial tribunals, federal and state, of the decisions of the supreme court of the United States in the cases of *Leisy* v. *Hardin* and *Lyng* v. *People*, *supra*, and give to him the full benefit of those decisions. It is not alleged that Silverman is unable to give bail, and no special reason is shown why this court should interfere at this stage of the case with the judicial proceedings in Armstrong county; and following the practice sanctioned and acted upon by the supreme court in the cases of *Ex parte Royall*, *supra*, as the better practice, I must refuse to discharge the prisoner, and remand him to the custody of the sheriff of Armstrong county, but without prejudice to his right to renew his application to this court, or to make application to the circuit court, at some future time, should the circumstances render it proper to do so; and it is so ordered.