THE STATE OF KANSAS, *on the relation of Lyman W. De-Geer, County Attorney*, v. D. L. PIERCE.

1. INJUNCTION — *Violation — Contempt — Punishment.* Mere errors in the the proceedings under which an order of injunction is granted by a district judge, and irregularities in the form of the order itself, are not a justification of the party against whom the injunction is granted in disobeying the same; and where a defendant knowingly violates an injunction, irregular in form, and based on erroneous, though not void, proceedings, he is liable to punishment for contempt.

2. ERRORS — *Obtaining Relief.* The proper mode of obtaining relief from the consequences of such errors or irregularities is to apply to the court or judge to correct them, and not by disobedience of the order.

3. CONSTITUTIONAL LAW — *Void Statute.* Section 9 of chapter 107 of the Laws of 1889, so far as it purports to repeal §§ 243, 244, 246 and 247 of chapter 80 of the General Statutes of 1868, is void, being in contravention of ¿ 16 of article II of the constitution.

*Appeal from Barber District Court.*

ACTION by *The State*, on the relation of the county attorney of Barber county, against the board of commissioners, to enjoin defendant from issuing county scrip in payment of certain bridges. *D. L. Pierce*, chairman of the board, was found guilty of contempt of court in issuing the scrip in violation of the injunction proceedings, and appeals. The material facts are stated in the opinion herein, filed April 8, 1893.

*E. Sample*, and *R. A. Cameron*, for appellant.

*John N. Ives*, attorney general, *Lyman W. De Geer*, county attorney, and *C. W. Ellis*, for The State.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from an order of the district judge of Barber county finding the defendant guilty of contempt of court, in having violated an order of injunction issued against him by said district judge, imposing a fine of $25, and requiring defendant to make restitution of certain county scrip issued in violation of said order of injunction. It appears from the record that an action was commenced in the name of the state by De Geer, county attorney of Barber county, against the board of county commissioners, of whom Pierce was chairman, to enjoin said board from purchasing certain bridges in Barber county, and issuing bonds or scrip of said county in payment therefor. At the time of the commencement of this action a temporary injunction was granted by the district judge. The order granting the injunction was served by the sheriff on Pierce, chairman of the board. A summons was also issued in due form by the clerk, on which the words "Injunction allowed" were indorsed. It appears that, after the service of the summons and copy of this order, the defendant Pierce signed what is denominated a piece of scrip for $1,738.68, payable to R. Lake, for what was claimed to be his interest in the Lake City bridge; that Pierce himself took the scrip, after its having been signed by himself and the county clerk, away from the clerk's office, and receipted for it on the clerk's register.

Various objections are raised by counsel for Pierce to the validity of the order punishing him for contempt. It is said, in the first place, that the judge of the district court of Barber county had not jurisdiction of the subject-matter of the injunction proceedings, for which reason the proceedings were without authority and void, and disobedience of the order was not ground for contempt. It is claimed that chapter 61

of the Laws of 1891 gave the board of county commissioners power to do what they were attempting to do in the way of purchasing bridges, and that there was no power to restrain them resting in the district judge, and it is urged that the validity of this statute has already been upheld in this court in the case of *Comm'rs of Barber Co. v. Smith*, 48 Kas. 331. By § 1 of chapter 28, General Statutes of 1889, it is provided:

"There shall be in each county organized for judicial purposes a district court, which shall be a court of record, and shall have general jurisdiction of all matters, both civil and criminal (not otherwise provided by law), and jurisdiction in cases of appeal and error from all inferior courts and tribunals, and shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses."

Section 239 of the code of civil procedure provides:

"The injunction may be granted at the time of commencing the action, or at any time afterward, before judgment, by the district court, or the judge thereof, or, in his absence from the county, by the probate judge, by its appearing satisfactorily to the court or judge, by affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto."

There can be no question as to the power of the district court, or the judge thereof, in a proper case to restrain and control the board of county commissioners of any county within the judicial district of such judge from doing any illegal act; and, if the position taken by counsel for the appellant in this case were sound, the board of county commissioners would have the right to determine whether their proposed action was legal or illegal, and thus reverse and set aside a decision of the district court. This position is utterly untenable. It appears from the record that the original order signed by the judge was served on the defendant. It is contended that such service is void; that the order should have been issued by the clerk. But it appears that a summons was duly issued before the commencement of the action, upon which the words "Injunction allowed" were indorsed by the

clerk. It is contended that, inasmuch as this indorsement was not signed by the clerk, the defendant might disregard it. The statute does not require the indorsement to be signed by the clerk. It might be well for the clerk to do so, but where an indorsement of the kind is authorized by the statute, and where a writ is duly signed by the clerk and attested with his seal, the party on whom service is made is bound to take notice of all indorsements that the law authorizes to be made thereon. And, as the statute provides that it shall be sufficient notice of the granting of the injunction where such indorsement is made, the service in this case must be held sufficient without reference to the question as to the sufficiency of the service of the original order signed by the district judge himself.

The order of injunction itself is attacked as a nullity. The order starts out by reciting that an application was presented to the probate judge of Barber county, and that it was shown that the district judge was absent from the county; then follows an order of injunction, restraining the defendant and other members of the board of county commissioners from doing certain acts to prevent the doing of which said injunction case was commenced, and this order was signed, "G. W. McKay, district judge of Barber county, Kansas." The recitals contained in the order are, to say the least, very awkward. The order appears to have been prepared to be issued by the probate judge, but it was in fact made by the district judge. We think, however, these recitals are not an essential part of the order. The command restraining the defendant from doing the acts mentioned in the order is explicit. We cannot say that the defendant might obey or disregard it as he saw fit. If the proceedings in the injunction case were erroneous, the defendant's remedy was to have applied to the district court of Barber county, or the judge thereof, to dissolve the injunction, and, if errors were still committed by that court or judge, the defendant had ample remedy by proceedings here.

It is claimed that the affidavit to the petition for injunc-

tion was not signed by the plaintiff or his agent, but by a stranger to the record. It is true that it was not signed by the county attorney, but by one Charles W. Pease, whose relation to the case does not appear. We do not deem it necessary to decide whether this was a sufficient verification of the petition for the purposes of granting an injunction, but we do hold that the order of injunction was not void because of a defective affidavit. It was at most erroneous for the district judge to issue the injunction, and the error, if any, could only be corrected by a proper proceeding in that action. The defendant could not treat the order of injunction as absolutely void for that reason.

It is contended that no contempt was committed because an order had been made by the board of commissioners, before the summons was served, for the purchase of the bridges, and that the action of Pierce was merely carrying out the order already made by the board. There is no substance in this claim. The order enjoined the defendant from paying for any such bridges with county scrip or warrants, and this is exactly what the defendant proceeded to do. We think it clearly appears that the defendant knowingly violated the order. While there are great irregularities in the proceedings of the district judge, it was still the duty of the defendant to obey, and we are unable to find any defect in the proceedings so great that we can hold the injunction order void. The order of the court directing the defendant to make restitution of the scrip issued in violation of the order, or to pay the amount thereof into the treasury of Barber county, and assessing a fine of $25 against the defendant, is criticised by the defendant as unauthorized. We are unable to see anything wrong in the order. It appears to be what the statute requires.

Lastly, it is claimed that the sections of the statute authorizing injunctions to be granted and providing punishment for the violation thereof was repealed by § 9, chapter 107, Laws of 1889. It is true that this section purports to repeal §§ 243, 244, 246, 247, of the code. The title of the act, however,

and the sections which are amended in the body of the act, show clearly that this was a mistake, and that §§ 643, 644, 646 and 647 are the ones mentioned in the title, and in fact amended and intended to be repealed by § 9. If it had really been the intention of the legislature to repeal these sections, § 9, so far as it refers to them, would be in violation of § 16, article 2, of the constitution.

On the whole record, we feel constrained to affirm the order of the district judge.

All the Justices concurring.