169 U.S. 284 (1898)
BAKER
v.
GRICE.
No. 836.
Supreme Court of United States.
Argued January 26, 1898.
Decided February 21, 1898.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.
*290 Mr. M.M. Crane for appellant.
Mr. George Clark and Mr. Joseph H. Choate for appellees. Mr. John D. Johnson and Mr. D.C. Bolinger were on Mr. Clark's brief. Mr. S.C.T. Dodd was on Mr. Choate's brief.
MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.
The court below had jurisdiction to issue the writ and to decide the questions which were argued before it. Ex parte Royall, 117 U.S. 241; Whitten v. Tomlinson, 160 U.S. 231. In the latter case most of the prior authorities are mentioned. From these cases it clearly appears, as the settled and proper procedure, that while Circuit Courts of the United States have jurisdiction, under the circumstances set forth in the foregoing statement, to issue the writ of habeas corpus, yet those courts ought not to exercise that jurisdiction by the discharge of a prisoner unless in cases of peculiar urgency, and that instead of discharging they will leave the prisoner to be dealt with by the courts of the State; that after a final determination of the case by the state court, the Federal courts will even then generally leave the petitioner to his remedy by writ of *291 error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the State and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a State be finally prevented. Cases have occurred of so exceptional a nature that this course has been pursued. Such are the cases In re Loney, 134 U.S. 372, and In re Neagle, 135 U.S. 1, but the reasons for the interference of the Federal court in each of those cases were extraordinary, and presented what this court regarded as such exceptional facts as to justify the interference of the Federal tribunal. Unless this case be of such an exceptional nature, we ought not to encourage the interference of the Federal court below with the regular course of justice in the state court.
The ground for the discharge of the petitioner in this case, as given by the court below, was because of the opinion of that court that the anti-trust law of the State of Texas violated the Constitution of the United States, and was therefore void. The question of the validity of that act of course exists whether the case be in the state court or a hearing transferred to the Federal court by virtue of the writ of habeas corpus. It is the duty of the state court, as much as it is that of the Federal courts, when the question of the validity of a state statute is necessarily involved as being in alleged violation of any provision of the Federal Constitution, to decide that question, and to hold the law void if it violate that instrument. But the state court is not bound to decide the constitutional question when there are other grounds for reversing a conviction under the law, upon pain of having its omission furnish a ground for Federal interference.
The special circumstances creating what the court below regarded as a necessity for its immediate action, and which made the case one of urgency, are stated in the opinion of the court rendered in discharging the prisoner.
*292 The first circumstance stated is that the Court of Criminal Appeals did not decide, when it had the opportunity, the question of the constitutionality of the act in question, and that that court, while deciding it was unnecessary to pass upon the constitutional questions raised, "referred favorably to the decisions of the Supreme Court of the State in which the anti-trust law had been sustained in this regard." It is matter of common occurrence  indeed, it is almost the undeviating rule of the courts, both state and Federal  not to decide constitutional questions until the necessity for such decision arises in the record before the court. This court has followed that practice from the foundation of the Government, and we can see no reason for just criticism upon the action of the state court in refusing to decide the question of the constitutionality of this act, when, at the same time, it held in substance that there was no evidence upon which to sustain the conviction of the defendant upon the indictment then before it, and that therefore the judgment should be reversed. In granting a new trial, it cannot properly be urged that the court failed to fulfil its duty towards the defendant in any degree whatever, because it did not decide the constitutional question as desired by him. The decision of the case was upon such a ground that the probability was that no conviction of the defendant could thereafter be had under that indictment. When the judgment of conviction was reversed the defendant Hathaway gave bail, and remained at large until the proceedings for his discharge were taken some six months after the judgment of reversal had been given.
Criticism is also made upon the fact that the state court did not discharge Hathaway after the decision upon his appeal until the Circuit Court issued the writ of habeas corpus some six months thereafter. It does not appear that Hathaway had applied to have his case tried, nor to be discharged from the indictment by reason of the decision granting him a new trial. However that may be, Hathaway's case was finished by his actual discharge, and it has no further bearing upon the action of the state court in this case.
It is also said that since the trial of Hathaway and the *293 granting of a new trial to him the case of the petitioner has not been called for trial, and that two terms of court since the granting of a new trial to Hathaway had come and the second one was about expiring at the time when the petitioner filed his petition in the Circuit Court for this writ. Here again there is no allegation and no proof that any attempt had been made on the part of this petitioner to obtain a trial in the state court or that he had been refused such trial by that court upon any application which he made. It is the simple case of a failure to call the indictment for trial, the petitioner being in the meantime on bail and making no effort to obtain a trial and evincing no desire by way of a demand that a trial in his case should be had.
We do not say that a refusal to try a person who is on bail can furnish any foundation for a resort to the Federal courts, even in cases in which a trial may involve Federal questions, but in this case no refusal is shown. A mere omission to move the case for trial (the party being on bail) is all that is set up, coupled with the assertion that defendant was eager and anxious for trial, but showing no action whatever on his part which might render such anxiety and eagerness known to the state authorities.
It was also stated that the petitioner could expect little better results on a trial of his case in the state court than obtained upon the trial in the Hathaway case. We think this statement is entirely without proof or even probability. The petitioner was indicted as one of several defendants under the same statute, and it is claimed that those of them mentioned in the indictment who resided in Texas were situated similarly to Hathaway. The probability, therefore, would be exceedingly strong that if the petitioner were tried upon the indictment found against him he would have to be acquitted by direction of the court for lack of evidence, under the decision of the Criminal Court of Appeals in Hathaway's case.
We are of opinion that neither one of the grounds taken by the court below nor all combined furnish any reason for the discharge of petitioner upon the writ issued by that court. The surrender of the petitioner by his bail at his request and *294 his consequent imprisonment furnishes in itself no ground of urgency for the interference of a Federal court. The imprisonment is entirely voluntary, and while the surrender by his bondsmen may be good for the purpose of avoiding any technical objection to the issuing of the writ founded upon the fact that the petitioner was on bail, yet the fact of imprisonment under such circumstances adds nothing to the strength of his case as calling for the interposition of the Federal court. This whole case is clearly nothing but an attempt to obtain the interference of a court of the United States when no extraordinary or peculiar circumstances exist in favor of such interference.
Upon the facts appearing herein, we think no sufficient case was made out for the exercise of the jurisdiction of the Circuit Court. We come to this decision irrespective of the question of the validity of the state statute and without passing upon the same or expressing any opinion in regard thereto.
If this application had been made subsequently to a trial of the petitioner in the state court and his conviction upon such trial under a holding by that court that the law was constitutional, and where an appeal from such judgment of conviction merely imposing a fine could not be had, excepting upon the condition of the defendant's imprisonment until the hearing and decision of the appeal, a different question would be presented and one which is not decided in this case, and upon which we do not now express any opinion.
The order of the Circuit Court for the Northern District of Texas must be reversed, and the case remanded to that court with instructions to set aside the order discharging the prisoner, and to enter an order remanding him to the custody of the sheriff.