THE NATIONAL BANK OF AMERICA v. THE HOME
SECURITY COMPANY *et al.*

No. 12,669.    (70 Pac. 646.)

SYLLABUS BY THE COURT.

JUDGMENT— *Collateral Attack—Presumption of Appearance.*
The answer of a defendant to an action in the district court averred
that one not then a party to the suit had an interest in the subject
of the litigation, setting forth the nature of the interest. The
journal entry of judgment recited an appearance by such outside
person and the making of an order as to his interest responsive to
the allegations of the answer mentioned. The record did not show
any pleadings filed by him in the case, or that he was named as a
party in any of the pleadings filed by others, or that he was ad-
mitted or ordered to be made a party, or that notice or process of
any kind was served on him. *Held*, under the rule of presump-
tions in favor of the rightfulness of proceedings of courts of
general jurisdiction, that, as against a collateral attack on the
judgment, a voluntary appearance by the party will be presumed.

Error from Saline district court; R. F. THOMPSON,
judge. Opinion filed November 8, 1902. Affirmed.

*David Ritchie*, for plaintiff in error.

*C. W. Burch*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This action was a collateral attack
by the National Bank of America on a judgment ren-
dered apparently in its favor in the district court in a
former case entitled *Tucker v. Ericson et al.;* whether
in its favor or otherwise is immaterial to the question
presented. The impeachment of the judgment was
attempted on the ground of lack of jurisdiction over
the bank. The journal entry of judgment in the case
mentioned was as follows :

"And it is further decreed, upon the application of
the National Bank of America, and with the assent of

the defendant John A. Nordstrom, that the amount
due the defendant John A. Nordstrom on his lien
be paid to the National Bank of America, of Salina,
Kan., by the clerk of the district court, to be applied
on its mortgage note, secured by a mortgage now of
record on said premises, upon said National Bank of
America filing in the office of the register of deeds of
Saline county, Kansas, a full release of said mortgage
and debt so far as it affects the lands hereinbefore de-
scribed.''

The controversy in *Tucker v. Ericson et al.* related to
real estate and claims of lien thereon.   The pleadings
in that case did not name the National Bank of America
as a party, nor make any allegations in respect to its
interests in the subject of the controversy, except that
one of the defendants, after averring ownership in
himself of the legal title to the land, alleged that he
had executed a mortgage on it which, by assignment,
had passed to the bank.   No order to make the bank
a party was made, nor was summons or other notice
served on it.   No evidence was introduced on the
trial of the action to impeach the judgment tending
to show that the bank had not intervened in the other
suit and made application for, and procured, the order
above quoted.   Some slightly confirmatory evidence
that it did so intervene exists in the record, but of this
we take no note.   The district court refused to dis-
turb the former judgment, and accordingly error has
been prosecuted to this court.

The principle that the judgments of courts of gen-
eral jurisdiction will be presumed to be within the
authority allowed, unless the record contains sufficient
evidence to dispel the presumption, is one of universal
application.   (*Butcher v. The Bank of Brownsville*, 2
Kan. 70, 83 Am. Dec. 446; *Haynes v. Cowen*, 15 id.
637; *Dexter v. Cochran*, 17 id. 450.)

"The presumption, on collateral attack, that a judgment of a federal circuit court was within its jurisdiction is not overcome by the·fact that the transcript of the record, certified by the clerk to be a true copy of the record remaining in his office, does not include a summons to defendant, nor recite jurisdiction of his person." (*M'Connell v. Day*, 61 Ark. 464, 33 S. W. 731.)

"A domestic judgment rendered by a court of general jurisdiction cannot be impeached by the parties to it, merely because the record is silent as to the acquisition of jurisdiction. Such judgment is equally conclusive oh the parties thereto, whether it recites or whether fails to recite, that jurisdiction has been acquired." (*McClanahan v. West*, 100 Mo. 309, 13 S. W. 674.)

Many other cases are to the same effect, some of which are *Applegate v. Lexington &c. Mining Co.*, 117 U. S. 254, 269, 6 Sup. Ct. 742, 29 L. Ed. 892; *Bush v. Lindsey*, 24 Ga. 245, 71 Am. Dec. 117; *Benefield v.* *Albert*, 132 Ill. 665, 24 N. E. 634.

As to what limitations may circumscribe the rule above stated, or in what exceptional and anomalous cases it may not apply, we need not conjecture. It applies to this case. Here a pleading was filed˙by a party to the action alleging the possession by the bank of an interest in the subject-matter of the suit. The record is silent as to whether process of any kind was served on it, or whether a formal order admitting it as a party or requiring it to appear as a party was made. However, the record recites that it did appear as a party and that it procured an order in its behalf respecting the subject-matter of the litigation. Now, one may voluntarily appear to an action against him without the service of process on him, and one with interests to protect may intervene in controversies be-

Rodman v. Railway Co.

tween other persons and be admitted as a party thereto, and in all such cases we think that, to say the least, if there is in the record of a court of general jurisdiction any pleadings connecting the outside party with the subject of the litigation, and averring a liability against him or an interest in his favor, and there further appears in the record a recital of his appearance in the case, jurisdiction over him will be presumed.

The judgment of the court below is affirmed.

All the Justices concurring.

BURCH, J., not sitting, having been of counsel.