*In re* MARGARET LEWIS, *Petitioner.*

No. 13,293. ( 72 Pac. 788.)

SYLLABUS BY THE COURT.

PROCEEDING IN AID OF EXECUTION—*Contempt of Court.* A person cited to answer for contempt before the judge of the district court for failure to pay money found by him, upon her examination in proceedings supplemental to execution, to belong to the judgment debtor cannot excuse a disobedience of the order by asserting that the money withheld does not belong to the judgment debtor. Such showing should have been made at the original examination.

Original proceeding in *habeas corpus*.   Opinion filed June 6, 1903.   Petitioner remanded.

### STATEMENT.

GOTTFRIED FROHWERK was a judgment creditor of S. M. Lewis. Execution was issued and returned unsatisfied. Upon application of Frohwerk, the judge of the district court, in which court the judgment was rendered, issued an order at chambers requiring S. M. Lewis and Margaret Lewis to appear before him on July 29, 1902, to answer concerning the property of S. M. Lewis and also as to any indebtedness that might be due from Margaret Lewis to S. M. Lewis.

After an appearance and hearing, the judge made the following finding :

"That the said Margaret Lewis has the sum of $270 in money in her possession and under her control at her residence in Kansas City, Kan., which belongs to, and is the property of, the defendant, S. M. Lewis, and under the law is subject to be applied to the payment of the judgment heretofore rendered by this court in the above-entitled action.   .   .   .

"Whereupon a motion was filed by the plaintiff for an order requiring the said Margaret Lewis to pay to the clerk of this court, out of said $270, a sufficient sum of money to pay and discharge the said judgment, interest, and costs, which motion was called up for hearing and was by me sustained."

The formal entry on the journal of the court, under the title of the cause, recited :

"Now at this day, immediately after the close of the testimony,   .   .   .   plaintiff being present by T. P. Anderson, his attorney, the defendant, S. M. Lewis, and the said Margaret Lewis being present in person and by their attorney, L. W. Keplinger, and having duly considered said motion, examination, and the evi-

dence heard by me by virtue of the order referred to in said motion, I find that the said Margaret Lewis has the sum of $270 in money in her possession and under her control at her residence in Kansas City, Kan., which belongs to, and is the property of the defendant, S. M. Lewis, and which under the law is subject to be applied to the payment of the above-named judgment, interest, and costs.

"It is therefore by me considered, ordered and adjudged that said motion be, and the same is, hereby sustained, and the said Margaret Lewis is hereby ordered to forthwith pay to the clerk of this court out of said $270 an amount sufficient to pay the said judgment with the interest accrued thereon, together with all costs which have accrued therein, both before and since the rendition of said judgment, including the costs of this proceeding.

"Witness my hand at chambers, in Kansas City, Kan., this 30th day of July, 1902,

E. L. FISCHER,
*Judge of the District Court of Wyandotte County, Kansas.*"

Later a showing was made to the judge of the district court that the petitioner, Margaret Lewis, had failed to pay the amount ordered. An attachment issued, and she was cited to appear and answer for contempt. She appeared by counsel, and presented the following answer, verified:

"*First.* She denies any intent on her part to show disrespect or contempt for the court or the judge, as alleged against her.

"*Second.* Further answering, she says that the order made by the court, with the violation of which she is charged, was made in a case, to wit, the case of Gottfried Frohwerk *v.* S. M. Lewis, to which she was not a party, and in which no summons, or summons in garnishment, or writ of attachment had been served on her, and the court had no jurisdiction over her to make any order of any character affecting her individual property rights; that the money she was ordered by the court or judge to pay and apply on the

judgment against the defendant in said case was and is claimed by her in good faith as her own money in her own right, and she has had no opportunity to be heard as to such claim ; and said order, if enforced, would deprive her of her property rights without due process of law and without her day in court or any opportunity to defend her right of property.

"Wherefore, she prays that this proceeding be dismissed, and that she be discharged from arrest and permitted to go hence without day.

MARGARET LEWIS."

A commitment was then issued in the name of the state, under the hand of the judge and clerk, attested with the seal, commanding the sheriff to confine the petitioner in the county jail until she purged herself of contempt by paying the amount ordered to the clerk of the court. She has sued out a writ of *habeus corpus* in this court.

*True & Sims*, for petitioner.

*Anderson & Robinett*, for respondent.

The opinion of the court was delivered by

SMITH, J, : The imprisonment of petitioner is based on section 4966, General Statutes of 1901, the material part of which reads :

"The judge may order any property of the judgment debtor not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt, in case of refusal or disobedience."

The principal point relied on by counsel for petitioner is that when she was attached and brought before the judge to answer for contempt in failing to pay the money in her possession to the clerk for the

benefit of the judgment creditor she made a claim to the amount in her hands, and in her verified answer asserted that it belonged to her and not to S. M. Lewis, the judgment debtor.

We think that the question of ownership of the money, raised by petitioner when she appeared to answer in the contempt proceedings, was presented too late. We must presume that the judge on the original hearing would not have ordered Mrs. Lewis to pay over the money had she asserted a claim to it at that time. In Freeman on Executions, volume 3, third edition, section 418, it is said:

"Thus, if he denies the debt, or claims the property, or some interest therein, or some right to retain possession thereof, as against the judgment debtor, he has the right to have any issue which he may present relating to his liability tried in the regular, ordinary way, rather than by a summary proceeding, and to have the protection of a trial by jury."

This language of the text, however, is subject to the qualification that the disputed right to retain possession is substantial, and asserted in good faith. (*Waldron v. Walker*, 18 N. Y. Supp. 292.)

The evidence heard on the petitioner's examination is not before us. We must presume that she did not lay any claim to the money in her hands, and may assume, to uphold the ruling and order of the judge, that she admitted her bare possession of it, and that it belonged to the judgment debtor. If an issue had been tendered on that question and determined adversely to her, she had a remedy by appeal. (R. & B. Supp. Proc., 3d ed., 458; *Bronzan v. Drobaz*, 93 Cal. 647, 29 Pac. 254; Vanfl. Coll. Att. 590; Gen. Stat. 1901, § 5027.)

Counsel for petitioner say in their brief: "The judge at chambers had no jurisdiction to try and de-

termine the ownership of the property in controversy as against a third party claimant who denied that it belonged to the judgment debtor.'' If we should agree with them that there was lack of jurisdiction in such case, how can we determine that there was a denial that the money belonged to the judgment debtor? No relief can be afforded the petitioner on *habeas corpus* unless the proceedings under which she is restrained are absolutely void.   (*In re Morris, Petitioner*, 39 Kan. 28, 18 Pac. 171, 7 Am. St. Rep. 512; *Teats v. Bank*, 58 id. 721, 51 Pac. 219.)   Gross and flagrant irregularities may be committed without divesting the court of jurisdiction.   (Brown, Juris., 2d ed., § 105.)

The question involved is reduced to this: If a third party having money or property in his possession belonging to the judgment debtor be cited into court in proceedings supplemental to execution, and upon examination admit the bare custody of the money or property and its ownership by the judgment debtor, has the court jurisdiction to coerce a payment or delivery by such custodian to the judgment creditor?   We think the statute is plain on the subject and confers authority on the court so to do. A payment by Margaret Lewis of the money she was ordered to pay to the clerk would be a complete defense to an action by S. M. Lewis, the judgment debtor, against her to recover the amount.   (*Bostwick et al. v. Bryant*, 113 Ind. 448, 16 N. E. 378.)

The point raised that the petitioner was not summoned in the original proceeding cannot avail her here.   (*Bank v. Security Co.*, 65 Kan. 642, 70 Pac. 646.)

Minor points are discussed by counsel for petitioner, but they relate to mere irregularities in the proceed-

ings which did not affect the jurisdiction of the trial court. (*The State, ex rel., v. Pierce,* 51 Kan. 241, 32 Pac. 924.)

The petitioner will be remanded.

All the Justices concurring.