Ex parte ROACH.

(District Court, N. D. Iowa. January 19, 1908.)

1. CRIMINAL LAW (§ 196*)—AUTREFOIS CONVICT—SIMILARITY OF OFFENSES.

Where petitioner was convicted and served a term for breaking and entering a building used as a post office on December 12, 1904, with intent to commit larceny therein, and on his discharge was immediately arrested on an indictment in the state court, charging that on the same day he unlawfully, etc., entered the private office of A. and did feloniously take, steal, and carry away therefrom $700 in money, $800 in postage stamps, and other valuable papers and checks of the value of $37, the property of A., but there was nothing to indicate that such property was or might be the property of the government, there was no such similarity of offenses as to entitle accused to release on habeas corpus.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 384; Dec. Dig. § 196.*]

2. CRIMINAL LAW (§ 95*)—OFFENSES AGAINST UNITED STATES—JURISDICTION.

Under Rev. St. § 711 (U. S. Comp. St. 1901, p. 577), giving federal courts exclusive jurisdiction of all crimes and offenses cognizable under the authority of the United States, and section 5456 (U. S. Comp. St. 1901, p. 3683), declaring that every person who robs another of any kind or description of personal property belonging to the United States shall be punished, etc., an indictment charging the felonious entry of the private office of A., from which defendant feloniously stole certain moneys, postage stamps, and other valuable papers and checks, was not within the jurisdiction of the state court, if the property stolen was in fact the property of the United States.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 167; ·Dec. Dig. § 95.*]

3. HABEAS CORPUS (§ 45*)—FEDERAL COURTS—JURISDICTION.

Under Rev. St. §§ 751, 752 (U. S. Comp. St. 1901, p. 592), authorizing the federal courts and justices or judges thereof within their respective jurisdictions to issue writs of habeas corpus to inquire into the cause of restraint of liberty, a Circuit ·or· District Court or judge has jurisdiction in its or his discretion on habeas corpus to inquire into cause of restraint of one held under process of a state court and to discharge him if he is held in violation of the Constitution or laws of the United States.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 43, 44: Dec. Dig. § 45.*

Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. HABEAS CORPUS (§ 45*) — FEDERAL COURTS — PRISONER HELD UNDER STATE PROCESS.

A federal court or judge will not ordinarily discharge a prisoner held under process of a state court in violation of the Constitution and laws of the United States in advance of his trial in the state court, unless some exceptional circumstances or emergency exists demanding prompt action.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. § 45;* Courts, Cent. Dig. §§ 1376–1385.]

On Petition for Writ of Habeas Corpus.

Main & Griffiths, for petitioner.

REED, District Judge. The petitioner alleges that on April 6, 1905, he was convicted in this court of the crime of breaking and entering, on December 12, 1904, a building used as a post office, with intent to commit larceny therein, and sentenced to imprisonment in the penitentiary of Iowa at Anamosa for the term of five years. A copy of the indictment upon which he was so convicted and sentenced is attached to the petition. It is then alleged that the petitioner served in said penitentiary the full term of his sentence and was duly discharged therefrom by the warden thereof at the expiration of said term; that immediately after such discharge, and as he was about to leave the prison, he was arrested by the sheriff of Grundy county, Iowa, upon a warrant issued upon an indictment against him in the district court of Iowa, in and for that county, and immediately returned by the sheriff to the warden of said penitentiary (presumably to await trial upon said indictment), where he is now detained by said warden. A copy of the indictment in the state court and of the testimony before the grand jury of that court is attached to the petition, and the indictment charges that the petitioner and one Jas. H. Moore, in the nighttime of December 12, 1904, did unlawfully and feloniously enter the private office of one Charles J. Adams, in said county of Grundy, and feloniously take, steal, and carry away therefrom $700 in money, $800 in postage stamps, and other valuable papers and checks of the value of $37, the property of said Charles J. Adams, contrary to the statute of Iowa. The petition further alleges that the offense charged in the indictment in the state court is the same as that for which the petitioner was convicted and sentenced by this court in April, 1905, that the state court has no jurisdiction of said offense, and that the petitioner is therefore unlawfully deprived of his liberty, in violation of the Constitution and laws of the United States; and he seeks by this proceeding to be released and discharged from said imprisonment.

The indictment upon which the petitioner was convicted in this court charged him with breaking and entering a building used as a post office with intent to commit larceny therein, while that in the state court charges him with unlawfully breaking and entering in the nighttime the private office of one Charles J. Adams, and feloniously stealing and taking therefrom the money and other property of said Adams. These offenses are not the same, and, except for the charge

that a part of the property so stolen was postage stamps, there is nothing in the indictment to indicate that it was or might be the property of the government, and it does not appear that such stamps even were the property of the United States. If the money or other property charged in this indictment to have been stolen was in fact the money and property of the United States, as the petitioner contends, the state court would not have jurisdiction of that offense, and the District or Circuit Court of the United States in and for this district would alone have jurisdiction thereof. Rev. St. U. S. §§ 711, 5456 (U. S. Comp. St. 1901, pp. 597, 3683). Undoubtedly a Circuit or District Court of the United States, or judge thereof, in its or his discretion, has jurisdiction upon habeas corpus to inquire into the cause of the restraint of one held under process of a state court, and to discharge him if he is held in violation of the Constitution or laws of the United States. Rev. St. §§ 751, 752 (U. S. Comp. St. 1901, p. 592). Ex parte Royall, 117 U. S. 241–250, 6 Sup. Ct. 742, 29 L. Ed. 872. But the Supreme Court of the United States has many times held that it will not, and that the lower federal courts, or judges thereof, should not, ordinarily discharge a prisoner alleged to be held under process of a state court, in violation of the Constitution and laws of the United States, in advance of his trial in such state court; and, unless some exceptional circumstances or emergency exist which demand prompt action, the party so held will be left to stand his trial in the state court, which it will be assumed will enforce any and every right secured to him under the supreme law of the land, as it has the power to do equally with the courts of the United States or the judges thereof. Ex parte Royall, 117 U. S. 241–252, 6 Sup. Ct. 742, 29 L. Ed. 872; Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748; Minnesota v. Brundage, 180 U. S. 499, 21 Sup. Ct. 455, 45 L. Ed. 639; Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303; Drury v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343; Pettibone v. Nichols, 203 U. S. 192–201, 27 Sup. Ct. 111, 51 L. Ed. 148; Urquhart v. Brown, 205 U. S. 179–182, 27 Sup. Ct. 459, 460, 51 L. Ed. 760.

In Urquhart v. Brown, above, it is said:

"The exceptional cases in which a federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency that require to be promptly disposed of, such, for instance, as cases involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations."

And in Baker v. Grice, 169 U. S. 290, 18 Sup. Ct. 326, 42 L. Ed. 748, after referring to prior cases, it is said:

"From these cases it clearly appears, as the settled and proper procedure, that while Circuit Courts of the United States have jurisdiction * * * to issue the writ of habeas corpus, yet these courts ought not to exercise that jurisdiction by the discharge of a prisoner unless in cases of peculiar urgency, and that instead of discharging they will leave the prisoner to be dealt with by the courts of the state; that after a final determination of the case by the state court the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal courts,

by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the federal court upon a writ of habeas corpus, be taken out of the custody of the officers of the state and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented."

It is true that Judge Shiras; in Re Waite (D. C.) 81 Fed. 359, discharged a prisoner upon habeas corpus after his conviction in the district court and the affirmance of that conviction by the Supreme Court of the state, and that his action in so doing was approved by the Court of Appeals of this Circuit. Campbell v. Waite, 88 Fed. 102, 31 C. C. A. 403. But in that case Waite was a special examiner of the Pension Bureau of the United States, charged with the duty of investigating alleged fraudulent pension claims presented to the bureau for allowance, and the alleged offense of which he was convicted in the state court consisted in acts done by him in the line of his duty as such special examiner. For the state court to arrest and imprison him for such act was held to be a direct interference by the state with the operations of the federal government, and sufficient to warrant his discharge by the federal court upon habeas corpus from the custody of the state officers. The case fell well within the class of cases "involving the authority and operations of the general government."

The petition in this case alleges no facts showing the existence of any emergency or special circumstances for the issuance of the writ, unless it be that the petitioner is unable to give bail. But it does not appear that he has been or will be denied a speedy trial in the state court, or that he will be denied by that court any rights secured to him by the Constitution or laws of the United States. It is the duty of that court, equally with the courts of the United States, to protect him in such rights (Robb v. Connolly, 111 U. S. 624–637, 4 Sup. Ct. 544, 28 L. Ed. 542), and there is every reason to believe that it will do so.

The petition should therefore be denied, and it is accordingly so ordered.