No. 22,421.

C. S. HAGER, *Appellant*, v. R. R. WILSON, C. D. HICKOK, and I. G. MARSHALL, *Appellees*.

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Receiver Appointed by Probate Judge—Presumptions as to Jurisdictional Facts—Collateral Attack*. In a collateral attack upon the order of a probate judge appointing a receiver in a case brought in the district court, a record of the appointment based upon a finding that the plaintiff was entitled to have a receiver appointed is *prima facie* evidence that all the essential facts supporting jurisdiction existed and were shown to the probate judge, and his authority to make the appointment is to be presumed until the contrary appears.

2. SAME—*Statutes*. Section 123 of the civil code, relating to the presumptions which attach to determinations of courts and officers of special jurisdiction, interpreted and applied.

3. SAME. The rule of *Gehlenberg v. Saline County*, 100 Kan. 487, 165 Pac. 286, followed.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed January 10, 1920. Affirmed.

*F. Dumont Smith,* of Hutchinson, and *A. L. Moffat,* of Kinsley, for the appellant.

*H. W. Stubbs,* of New Ulysses, *L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by C. S. Hager against the defendants to recover $8,450 as damages alleged to have been sustained by reason of the invalid appointment of a receiver, who took possession of plaintiff's property. It

appears that a receiver was appointed by the probate judge in a foreclosure proceeding begun on September 17, 1917, and a judgment by default was rendered by the district court on February 5, 1918, for $13,178.10, in which a mortgage was foreclosed and a sale of the property ordered. The mortgaged property was sold on March 23, 1918, from which there has been no redemption.

In that case no attack upon the order appointing a receiver was made, but the present action was brought and some evidence was taken as to the manner of the appointment of the receiver. There is testimony to the effect that the probate judge, sometime after the appointment, attempted to discharge the receiver, but it is conceded that when the appointment was made the full measure of the probate judge's power had been exercised, and that he was without authority to entertain a motion to discharge the receiver. The only objection to the validity of the appointment is that it was not shown by the record of the appointment, including the application and the order, that the justices of the supreme court were absent from the county when the appointment was made by the probate judge. The order made recites the absence of the judge of the district court, but no mention was made as to the presence in, or absence from, the county of the justices of the supreme court. The code provides that:

"A receiver may be appointed by the supreme court, the district court, or any judge of either, or in the absence of said judges from the county, by the probate judge." (Civ. Code, § 266, Gen. Stat. 1915, § 7164.)

No evidence was offered as to the presence in the county of the justices of the supreme court. It is unnecessary to consider in this appeal in what cases the supreme court or the justices thereof have jurisdiction to appoint a receiver, or whether a justice of the court could have appointed a receiver in this case if he had been in the county when the application was made. This being a collateral attack, it is enough that the record shows a finding by the probate judge, upon the evidence presented to him, that plaintiff was entitled to have a receiver appointed, and that an appointment was made. It is conceded that it was a proper case for the appointment of a receiver upon a sufficient showing; and shall it be presumed that a showing

was made, or must the jurisdictional facts be recited in the record of the appointment? The statute does not prescribe what the record of an appointment by the probate judge shall contain, nor is there anything which implies that the jurisdictional facts shall be made a part of his order. A probate court is a court of general jurisdiction as to matters pertaining to the settlement of estates of deceased persons, and its finding and determination in these matters is as conclusive and binding as are those of the district court. In the absence of statutory authority, the conclusive presumption of verity does not attach to determination of the probate judge exercising special authority outside of the general jurisdiction mentioned. In such cases it is ordinarily considered that the record should affirmatively show that the court had jurisdiction. The appointment of a receiver falls within this special and limited authority. The legislature, however, has provided that presumptions obtain as to the determinations of courts and officers of limited and special jurisdiction within the state. It reads:

"In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall be sufficient to state that such judgment or determination was duly given or made; and the jurisdiction of any such court or officer shall be presumed until the contrary appears." (Civ. Code, § 123, Gen. Stat. 1915, § 7015).

In *Kronberg v. Elder*, 18 Kan. 150, it was ruled that this provision did not apply to the courts of foreign states, but that it was applicable to courts and officers of this state, and it therefore follows that the probate judge must be presumed to have acted within his jurisdiction in appointing a receiver, until the contrary appears. This is not only a rule of pleading, but the same principle applies after the issues are joined and until the evidence overthrowing the presumption is produced. It is competent for the legislature to change the general rule and provide that the records of inferior tribunals need not show affirmatively the jurisdictional facts but that it will be presumed that all the facts necessary to give jurisdiction have been duly found. (*Rutter v. Sullivan*, 25 W. Va. 427.) A ruling in conformity with the statutory rule was enunciated in the late case of *Gehlenberg v. Saline County*, 100 Kan. 487, 165 Pac. 286, in giving effect to the determination of a board

of county commissioners. There it was contended that an order of the board establishing a highway was void because the record failed to show that proper notice was given to an owner of land to be appropriated as a part of the highway. In a collateral attack on the order of the board, it was held that:

"The general rule that silence of the record of a tribunal of inferior jurisdiction on a jurisdictional point is fatal applies in cases of collateral attack to those jurisdictional facts only which the law directs the tribunal to enter upon its record." (Syl. ¶ 1.)

It is contended that this declaration is too broad and should have been confined to the decision of boards of county commissioners in road cases, but no reason is seen why it is not applicable to decisions of officers and inferior tribunals in any case where the statute has not prescribed what jurisdictional facts shall be entered of record, or where all that the statute requires has been preserved in the record. The ruling is supported by *Willis v. Sproule*, 13 Kan. 257, and the other cases cited in the opinion.

In view of the statute and the rulings mentioned, it must be held that a record finding that the plaintiff was entitled to have a receiver appointed, and that thereupon one was appointed, there being nothing contradictory of the finding in the record itself, is presumptive proof as against a collateral attack that all the essential facts supporting jurisdiction existed and were shown to the probate judge.

The judgment of the district court is affirmed.