No. 22,538.

JOHN T. MARTIN, *Appellee*, v. OLIVER MARTIN et al., *Appellants*.

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Estate of Insane Person—Notice of Hearing Upon Petition of Guardian.* The law in force prior to the enactment of chapter 247 of the Laws of 1907 did not require a guardian of the estate of an insane person to give notice of a hearing upon a. petition for the sale of land to pay the debts of an insane person, or for the education and maintenance of his family, and where the records of the probate court disclosed that a sale of the land of the insane person was ordered and made in compliance with existing statutes, the failure of the record to show that a notice of a hearing upon the petition to sell was given, did not invalidate the sale of the land or the title acquired under the guardian's deed.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 6, 1920. Affirmed.

*Edgar Bennett,* and *Frank H. McFarland,* both of Washington, for the appellants.

*J. R. Hyland,* and *Charles Smith,* both of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by John T. Martin, to quiet his title to a tract of land in Washington county, judgment was rendered in favor of the plaintiff barring the answering defendants from claiming any title or interest in the land, and from this decision defendants appeal.

Martin v. Martin.

Prior to May 21, 1895, the land had been the property of plaintiff's father, Oliver Martin. Shortly before that date he had been adjudged insane and his wife, Mary E. Martin, had been appointed as his guardian. Upon application for the sale of the land, the probate court ordered a sale to be made, and the land was sold to the plaintiff for an adequate consideration and a deed in proper form was executed to him. It is conceded that all the statutory steps taken were regular, unless the failure of the record to disclose a notice of the time and place of the hearing of the petition for authority to sell the land is a defect. They do show a sale and the confirmation of the sale by the probate court, and the approval of the probate judge is indorsed upon the deed. Shortly after the execution of the deed, and on May 23, 1895, it was placed on record, and the plaintiff has been in possession of the land since that time, a period of more than twenty-four years. Learning that the records in the probate court did not show a notice of the hearing upon the petition for a sale of the land, the plaintiff brought this action to quiet his title. Three of his brothers and sisters contested the action on the ground that the absence of a notice of a hearing upon the petition for sale avoided the sale and conveyance, and that therefore they had an interest in the land as tenants in common with plaintiff.

Does the absence of a record showing notice of the hearing, upon the petition to sell the land, render the guardian's deed void or impair the validity of plaintiff's title?

Defendants contend that section 12 of chapter 247 of the Laws of 1907 (Gen. Stat. 1915, § 6109) requires that a guardian who petitions for the sale of the property of an insane person shall give notice of the hearing upon the petition; that this notice is jurisdictional, and that noncompliance with the requirement rendered the sale and conveyance void, and therefore subject to collateral attack. That statute does provide that notice of the hearing shall be given, but it was not enacted until 1907, and the sale in question was petitioned for, ordered and made twelve years before that time. If the statute relied on had been in force when the sale was made, there would be some grounds for the contention made by defendants. However, the sale was made under sections 20, 21 and 23 of chapter 60 of the General Statutes of 1868, and that statute does not

provide that notice of a hearing upon an application to sell land for the discharge of the debts of an insane person or for the education and maintenance of his family, shall be given. Notice not being required by the statute, the absence of a recital in the record of the probate court that notice was given does not affect the validity of the proceedings or the guardian's deed that was executed. There was a petition, a hearing, an order of sale, a confirmation of the sale, and compliance with every requirement of the statute then in force. Besides, the probate court is a court of general jurisdiction as to the estates of persons of unsound mind, and its judgments rank with those of the district court. It will therefore be presumed that the court acted within its jurisdiction unless the record itself contains something which overcomes the presumption. (*Bank v. Security Co.*, 65 Kan. 642, 70 Pac. 646; *Hager v. Wilson*, ante, p. 127, 186 Pac. 974; 23 Cyc. 1083.) It has been held that:

"A collateral attack upon a judicial proceeding in a probate court, under which a sale of land was made by a guardian more than fifteen years before, will not be favored." (*Bradford v. Larkin*, 57 Kan. 90, syl. ¶ 1, 45 Pac. 69.)

Since the statute in force at that time did not require a notice of the hearing on a petition to sell the land of the insane person, and there being nothing in the record of the proceedings in the probate court showing the omission of any statutory requirement, or anything to show a lack of jurisdiction, its orders and judgments respecting the sale are not open to collateral attack. It was held in *McClanahan v. West*, 100 Mo. 309, cited in *Bank v. Security Co.*, supra, that:

"A domestic judgment rendered by a court of general jurisdiction cannot be impeached by the parties to it, merely because the record is silent as to the acquisition of jurisdiction. Such judgment is equally conclusive on the parties thereto, whether it recites or whether it fails to recite, that jurisdiction has been acquired." (Syl. ¶ 5.)

The plaintiff has held the absolute possession of the land involved herein much longer than fifteen years, and if there had been a defect in the proceedings, it would have been cured by the statute of limitations.

In view of the conclusions reached, the defendants cannot be regarded as tenants in common with plaintiff, and hence no attention need be given to the contentions on that proposition.

The judgment is affirmed.