**UNITED STATES of America,
Plaintiff,**

v.

**Irwin BERNIKER, Defendant.**

**No. 26204.**

United States Court of Appeals,
Ninth Circuit.

March 19, 1971.

Rehearing Denied April 8, 1971.

Martha Goldin (argued), Hollywood, Cal., for appellant.

Darrell W. MacIntyre, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim.Div., Los Angeles, Cal., for appellee.

Before BARNES, KOELSCH and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant was convicted for illegal traffic in hashish in violation of 21 U. S.C. § 176a. Only three of his contentions on appeal from that conviction merit discussion.

 First, he claims that the district court abused its discretion in declaring a second mistrial and that his third trial was therefore in violation of the double jeopardy clause of the Fifth Amendment. The jury expressed its inability to reach a verdict upon the second trial. Appellant's theory is that the jury would not have been deadlocked at the second trial had the jury been more fully instructed upon certain questions the jury asked about entrapment during their deliberation. Even if appellant's theory were correct, a point we do not decide, we reject the argument that an error in instructions to the jury infects the district court's exercise of its discretion to discharge a deadlocked jury.

Second, he contends that the denial of his motion for judgment of acquittal upon the third trial was erroneous because the evidence established entrapment as a matter of law. Without detailing the evidence, we observe that there was testimony, which the jury apparently credited, that appellant himself instigated the transaction and that appellant was dealing in large amounts of hashish. Under such circumstances, we cannot say that appellant had been entrapped as a matter of law.

Third, he complains about an instruction to the jury in the third trial about a defendant's attempt to influence the testimony of a witness. The instruction referred to one Norman Smith. Smith had testified in appellant's favor on the entrapment issue in the second trial, but he recanted in the third trial and then testified for the Government. Here, again, viewing the evidence favorably to the Government, there was testimony from which the jury could have concluded that appellant had attempted to influence Smith to obtain the favorable testimony he had given on the second trial.

The judgment is affirmed.