**Thomas R. PRINCE, Petitioner-Appellant,**

v.

**Melvin BAILEY, Sheriff of Jefferson County, Alabama, Respondent-Appellee.**

**No. 72–1482**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 19, 1972.

Robert R. Bryan, Birmingham, Ala. (court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Birmingham, Ala., Don C. Dickert, Asst. Atty. Gen., Montgomery, Ala., Earl C. Morgan, Dist. Atty., Tenth Judicial Circuit, Birmingham, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of a habeas corpus petition. The petitioner, Thomas R. Prince, while in the custody of California authorities in 1962 on a charge of grand theft and robbery, was indicted in Alabama on two robbery charges. Alabama prosecuting officials filed a detainer with the Sheriff's Department of Los Angeles, California, requesting that the petitioner be held for Alabama officials upon his release from California custody, and the petitioner was conditionally paroled to Alabama in 1971 to stand trial on the 1962 robbery indictments. While he was incarcerated in Alabama awaiting trial, the petitioner in November of 1971 filed this petition for writ of habeas corpus in the United States

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

District Court for the Northern District of Alabama, asserting his unlawful incarceration due to a denial of his constitutional right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[1] The petitioner was finally tried and convicted under the 1962 indictments in March of 1972. The district court held that the petitioner's right to a speedy trial had not been abridged by the State of Alabama, and the court dismissed the petition.

On appeal we must affirm the dismissal of Prince's petition, although we do so on jurisdictional grounds. At the time of filing his application for writ of habeas corpus the petitioner was not in custody of Alabama authorities "pursuant to the judgment of a State court", 28 U.S.C.A. § 2254(a). Since petitioner's incarceration in November of 1971 was not the result of a state court judgment, the court below was without jurisdiction to consider the petitioner's application. Accordingly, we vacate the order of the district court and remand the case with instructions that the petition be dismissed for want of jurisdiction without prejudice to the petitioner to refile his petition at a time when he can present a state court judgment to the district court.

Vacated and remanded.

1. This was by no means the first occasion on which the petitioner asserted his right to a speedy trial. In 1968 petitioner filed with Alabama authorities a motion to dismiss the Alabama indictments for failure to grant him a speedy trial. In addition, petitioner claims that even before 1968 he filed numerous motions, letters, and other papers asserting the right (primarily motions to dismiss the indictment for denial of a speedy trial) in assorted courts and district attorneys' offices throughout California and Alabama, including at least two motions filed with the trial court. The State of Alabama claims that the petitioner's motions to dismiss the indictments for lack of a speedy trial do not represent a *demand* for a speedy trial, since petitioner may be asserting a desire that the charges be dropped, without manifesting a preference for an early trial date. Since our decision in this case rests solely on jurisdictional considerations, we expressly disavow any intimations on the merits of the petitioner's substantive claim. However, we feel compelled to observe that the "demand-waiver" rule on which the State of Alabama places considerable reliance and on which the court below based its determination of the merits has been very recently modified (if not rejected) by the Supreme Court. *See* Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 [1972].