UNITED STATES of America

v.

Luis CASTELLANOS, Defendant.

No. 72 CR 37.

United States District Court,
E. D. New York.

Sept. 28, 1972.

James A. Pascarella, Brooklyn, N. Y.
(Robert A. Morse, U. S. Atty., of counsel) for the Government.

Frank T. Geoly, Brooklyn, N. Y., for defendant.

## MEMORANDUM and ORDER

DOOLING, District Judge.

The indictment in this case was twice tried, the first trial starting on March 27, 1972, and the second on August 9, 1972. Both trials ended in the jury's disagreeing and being discharged. In each trial when the jury first reported an inability to agree, a very much modified form of the "Allen Charge" was read to the jury. In both trials the jury entered on its deliberation on one day was excused overnight and resumed deliberations on the following day.

In each trial the discharge of the jury occurred only after it had become plain that the jury would not agree on the verdict and that the Court's insistence on protraction of deliberation would have created a substantial risk that a verdict would be the result of judicial coercion rather than of the jury's own deliberations. Neither party objected to the discharge of the jury in either instance.

Defendant now moves for a judgment of acquittal under Rule 29(c), in renewal of the motions for judgment of acquittal made during the second trial when the Government rested and at the close of the whole case. The motions include the conventional prayer for other relief.

Review of the trial notes makes it evident that the renewed motion for judgment of acquittal must be denied. The evidence presented a clear issue of credibility which was unmistakably an issue for the jury to resolve.

There remains only the question whether in such a case as the present one a third trial may and should be embarked upon. To put it another way, is a defendant who has been twice in jeopardy—in one sense of the word—entitled as a matter of law to have the indictment dismissed rather than tried a third time. Is there a discretion to grant a motion to dismiss the indictment where

there have been two disagreements and nothing of record indicates that the disagreements were the product of special circumstances unlikely of recurrence.

Oddly enough, only one reported federal case has been found in which after two disagreements a third trial was ordered. See United States v. Berniker, 9th Cir. 1971, 439 F.2d 686, cert. den., 1972, 404 U.S. 938, 92 S.Ct. 277, 30 L. Ed.2d 250. Two state cases have allowed more than two trials where there have been disagreements. Hyde v. State, 1943, 196 Ga. 475, 26 S.E.2d 744 and Hoskins v. Commonwealth, 1913, 152 Ky. 805, 154 S.W. 919.

The language of the constitutional clause involved—' ". . . nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb . . ." '—has long been interpreted as including, in addition to the protection against being twice convicted and punished for the same offense, or from being tried and convicted after earlier having been tried and acquitted for the same offense, something quite outside the ideas of double punishment and *res judicata*. It also ". . . relates to a potential, *i. e.,* the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried." Price v. Georgia, 1970, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300. "Harassment of an accused by successive prosecutions" is recognized as within the protection of the constitutional language. See Downum v. United States, 1963, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100. The late Mr. Justice Harlan speaking for four members of the Court put it that, "A power in government to subject the individual to repeated prosecutions for the same offense would cut deeply into the framework of procedural protections which the Constitution establishes for the conduct of a criminal trial. And society's awareness of the heavy personal strain which a criminal trial represents for the individual defendant is manifested in the willingness to limit the Government to a single criminal proceeding to vindicate its very vital interest in enforcement of criminal laws." United States v. Jorn, 1971, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543. See also Green v. United States, 1957, 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199; Howard v. United States, 9th Cir. 1967, 372 F.2d 294, 299.

█ It has, however, been solidly settled since United States v. Perez, 1824, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 that, where a jury is discharged upon its failure to agree upon a verdict, the defendant may be tried a second time even though he did not consent to the discharge of the jury. The Court considered that courts have the power to discharge juries before verdict without putting the defendant in jeopardy where "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." The power was one to be used, said the Court, "with the greatest caution, under urgent circumstances, and for very plain and obvious causes."

In the present case, the discharge of the jury was in each instance manifestly in the interest of justice. Since it was evident that the jury was in genuine disagreement in each instance and neither party had an interest in maneuvering for a discharge in order to secure some ulterior advantage on a re-trial, the disagreements can be regarded as purely disagreements. The difference in the body of evidence presented in the two trials was not substantial. Indeed the Government's evidence was all but identical. The defendant's evidence differed only in the identity of the witnesses to defendant's reputation as a man of good character.

█ To put defendant to a third trial in which no real difference in the evidence is anticipated imposes a strain on the words of the Constitutional Amendment, as they have been interpreted, that the words cannot bear. The defendant has already been twice put in jeopardy in the strict sense that he has

twice been exposed undeniably and completely to the risk of conviction after a completed trial at which, as the substantial identity of the two trial records indicates, there was no defect in the evidence presented on either side brought about by adventitious circumstance, pressure of time, absence or illness of witnesses, or any other circumstance. At each trial each side presented the case that it wished to present as it wished to present it. Twice the juries were unable to reach agreement after being exhorted to renew the effort to agree despite the jury's announcement of disagreement after initial deliberation. Twice the defendant was exposed to the risk of conviction as completely as it was possible for him to be exposed.

The public interest in seeing that a crime does not go unpunished is not an interest without limitation. To express that interest more accurately, there is a public interest in seeing to it that evidence of a crime is fully presented at a fair trial to a fairly selected jury against a person whom a Grand Jury has indicted. There the public interest ends, for that interest does not equate conviction with justice.

It may seem at first blush illogical to conclude that if the Constitutional clause does not forbid one retrial after a disagreement it does forbid a further retrial after two disagreements. Logically, it may be argued, if one trial ending in disagreement does not amount to a "jeopardy" that will bar re-trial, then no number of disagreements can have that effect. But permitting a second trial after a jury has once been discharged for failure to agree is itself the resolution of an old disagreement, as the Court noted in United States v. Perez, and it is an uneasy compromise with the language of the Constitution. Bluntly, two disagreements are, simply, not one disagreement. The possibility of a retrial after the discharge of the jury for failure to agree serves to discourage the putting of excessive pressure on juries to agree, and reduces the risk that a verdict will not be a genuine jury decision freely arrived at. That just purpose, however, is exhausted after a second trial on substantially the same evidence results in a second disagreement. A third trial becomes trial by attrition.

It is concluded that, where there is no ground for believing that at a new trial a different body of evidence can be presented which could not have been presented at either of the earlier trials, a third trial after two disagreements may not be had because not Constitutionally permitted. It is accordingly

Ordered that the defendant's motion for a judgment of acquittal is denied, but the motion for other relief, treated as including a motion to dismiss the indictment on the ground that a third trial would be violative of the defendant's Fifth Amendment right, is granted.