**STATE of Iowa, Appellee,**

v.

**William Lawrence WHITE, Jr., Appellant.**

**No. 55719.**

Supreme Court of Iowa.

July 3, 1973.

Polk County, Des Moines Offender Advocate Office, by Anthony M. Critelli, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen. and Ray A. Fenton, County Atty., Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

Defendant was charged with the crime of delivery of a controlled substance, and convicted. In each of two prior trials for the same offense the court declared a mistrial when the jury was unable to agree. Before the third trial defendant filed a motion to dismiss the charge "in the interests of justice," without mention of constitutional rights or double jeopardy. He now asserts trial court's denial of the motion violated his due process rights under the United States Constitution Amendment 5 guarantee against double jeopardy.

I. The State raises no objection to the arguable change of ground on appeal, but meets the issue head-on. In view of this concession we determine the controversy as postured on appeal.

II. By agreement of counsel the record does not include any trial facts. The question, thus narrowed, is whether Amendment 5, United States Constitution, required dismissal of the charge against defendant after two trials had resulted in hung juries.

In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the United States Supreme Court held the double jeopardy prohibition of Amendment 5 applied to the states through Amendment 14, overruling Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). That holding makes it possible to raise the question presented here, but does not answer it.

Long prior to *Benton*, in a landmark decision, United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), the court decided the discharge of a deadlocked jury, without consent of either party, did not bar a subsequent trial for the same offense. The rule still applied in both federal and state decisions was there expressed, 22 U.S. (9 Wheat.) at 580, 6 L.Ed. at 165:

"The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think, that in all cases of this nature, the law has invested courts of justice with authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere."

■ The United States Supreme Court has repeatedly said a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments. Illinois v. Somerville, 410 U.S. 458, 93 S. Ct. 1066, 35 L.Ed.2d 425 (1973); Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974 (1949). This of course breaks with the early common-law rule that the discharge of an impaneled jury in a criminal case for any cause before the verdict would sustain a plea of double jeopardy. 21 Am.Jur.2d, Criminal Law § 194, pp. 246–47; 22 C.J.S. Criminal Law § 238, pp. 614–621.

On the other hand, repeated efforts to convict an individual for an alleged offense enhance the possibility that even though innocent he may be found guilty, subject him to embarrassment, expense and ordeal, and compel him to live in a continual state of anxiety and insecurity. At some point such pursuit must end. See United States v. Jorn, 400 U.S. 470, 91 S. Ct. 547, 27 L.Ed.2d 543 (1971); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Wade v. Hunter, supra.

■ But acceptance of defendant's argument he may not be retried, regardless

of the "manifest necessity" or considerations of "the ends of public justice" for aborting two trials, would require us to adopt the type of rigid, mechanical rule eschewed since the decision in *Perez.* See Illinois v. Somerville, supra; United States v. Jorn, supra. This we are unwilling to do. The United States Supreme Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served. Gori v. United States, 367 U.S. 364, 81 S. Ct. 1523, 6 L.Ed.2d 901 (1961); Brock v. North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953).

■ In Illinois v. Somerville, supra, 410 U.S. at 467, 93 S.Ct. at 1072, 35 L.Ed.2d at 433, the court notes the finding that jeopardy has attached only begins, rather than ends, the inquiry whether the double jeopardy clause bars retrial. Only if jeopardy has attached is the court called upon to determine whether the declaration of a mistrial was required by "manifest necessity" or the "ends of public justice," thus constitutionally permitting another trial.

■ A defendant is not necessarily placed twice in jeopardy merely because he is tried a second time for the same offense. The jeopardy clause is not violated where defendant is reprosecuted following his successful appeal of a conviction. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); see Green v. United States, supra; State v. Sefcheck, 261 Iowa 1159, 157 N.W.2d 128 (1968).

From the federal cases there can be distilled only the flexible rule the court must consider all surrounding facts and circumstances and in fairness determines when the accused's right to be finally tried by a particular tribunal outweighs the public interest in justice. See Illinois v. Somerville, supra; United States v. Jorn, supra. The second jeopardy which then attaches invokes the constitutional prohibition against double jeopardy. See Preston v.

Blackledge, 332 F.Supp. 681 (E.D.N.C. 1971).

No court has attempted to arbitrarily fix the permissible number of times a defendant may be retried after mistrials. Decisions involving more than one retrial after jury deadlocks include United States v. Berniker, 439 F.2d 686 (9 Cir.), cert. denied, 404 U.S. 938, 92 S.Ct. 277, 30 L.Ed.2d 250 (1971) (third trial after two aborted trials held not violative of double jeopardy clause); Carsey v. United States, 129 U. S.App.D.C. 205, 392 F.2d 810 (1967) (after two mistrials for jury deadlock and one for alleged counsel misconduct, district court should have sustained the defense of double jeopardy); United States v. Castellanos, 349 F.Supp. 720 (E.D.N.Y.1972) (district court exercised its discretion, under the circumstances, to dismiss indictment after two mistrials); Preston v. Blackledge, supra (after four mistrials, jeopardy attached when North Carolina attempted to try defendants the fifth time); Hyde v. State, 196 Ga. 475, 26 S.E.2d 744 (1943) (after two mistrials, third trial defense of double jeopardy properly stricken); Hoskins v. Commonwealth, 152 Ky. 805, 154 S.W. 919 (1913) (after three mistrials for jury disagreement and one reversal for error, trial court on fifth trial properly sustained demurrer to plea of former jeopardy); People v. Baker, 70 Misc.2d 986, 335 N.Y.S.2d 487 (Sup.Ct. 1972) (rule against double jeopardy did not bar further prosecution of defendants after jury twice failed to reach verdict after convictions were reversed on second appeal).

■ In the case before us we know none of the facts other than the number of mistrials for jury deadlock. We have no evidence upon which to review trial court's discretion in declaring the mistrials, but defendant makes no complaint about those rulings. We have only the stark fact of two mistrials for jury disagreement upon which to review trial court's discretion in overruling defendant's motion and holding

he must stand trial again. Applying the flexible rule from the federal decisions we cannot say, on this skimpy record, the public's interest in fair trials designed to end in just judgments must be subverted to defendant's right to have his trial completed by a particular tribunal. We find no violation of double jeopardy clause of Amendment 5.

Defendant's conviction is therefore affirmed.

Affirmed.