**1190**

Robert Bruce MOORE, Jr., Petitioner,

v.

Harold CARDWELL, etc., Respondent.

No. Civ. 73-724 Phx WEC.

United States District Court,
D. Arizona.

Dec. 13, 1973.

Paul W. Colarich, Jr., Laber, Lovallo & Colarich, Ltd., Tucson, Ariz., for petitioner.

Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for respondent.

## ORDER

CRAIG, Chief Judge.

Petitioner, an inmate at the Arizona State Prison, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was charged with armed robbery and attempted murder. Following a trial that lasted twelve days the evidence was submitted to the jury. Twenty-four hours after receiving the case, and after twelve hours of deliberation, the judge called the jury back into the courtroom. The judge asked the jury foreman if it would be possible to reach a verdict. The foreman stated that the probability of reaching a verdict was not very good. The judge then asked the jury collectively whether anyone felt further deliberation might bring about a verdict. Only one juror felt that a verdict could be reached. The judge then *sua sponte* declared a mistrial and discharged the jury.

Petitioner now contends, as he did in his state court appeal, that the subsequent retrial violated the double jeopardy provisions of the United States Constitution. United States v. Perez, 22 U.S. 579, 6 L.Ed. 165 (1824), set the standard to be followed in determining whether a mistrial precludes further prosecution of the defendant. The Court stated:

> "We think, that in all cases of this nature [where jury was discharged after being unable to agree], the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a *manifest necessity* for the act, or the ends of public justice would otherwise be defeated." *Id.* at 579 (Emphasis added)

This standard was applied to the states in 1969. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The issue in the present case is whether the trial judge was warranted in finding that the jury was unable to agree, thereby bringing into play the doctrine of "manifest necessity". As was stated in Downum v. United States, 372 U.S. 734, 737, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100 (1963); "Each case must turn on its facts."

It was not an abuse of discretion for the trial judge in the present case to declare a mistrial after polling the jurors and finding that eleven felt a verdict could not be reached, even after further deliberations. Defendant cites Cornero v. United States, 48 F.2d 69 (9th Cir. 1931), for an indication of the Ninth

Circuit's position on this issue. The case itself arose when the trial judge declared a mistrial when the prosecuting attorney stated that he could not proceed due to the absence of certain witnesses, hardly a factual situation to support the defendant's position in the present action. In fact, the Court, in backgrounding the law of double jeopardy recognized the discretion of the trial judge in declaring a mistrial when a jury is unable to agree on a verdict.

> "[S]ound discretion . . . is that discretion of the trial court involved in the determination of when and after how long a deliberation the jury should be discharged, for the reason that the accused is entitled to have the jury given a reasonable time to arrive at a verdict before a mistrial should be declared and the jury discharged."

*Id.* at 72.

In United States v. Berniker, 439 F.2d 686 (9th Cir. 1971), the Court upheld the trial judge's action in declaring a mistrial when "the jury expressed its inability to reach a verdict . . . ."

United States v. Lansdown, 460 F.2d 164 (4th Cir. 1972), is also purported by the defendant to be identical to the present case, however, it, too, is factually distinguishable. The trial judge in *Lansdown* declared a mistrial *sua sponte* based solely on his conclusion that the jury had deliberated long enough. The judge rejected statements from the jury that it was on the verge of a verdict and wished to continue. The appeals court stated:

> "While the length of deliberation is a relevant factor, the more important consideration is whether there is a possibility that the jury can reach a verdict within a reasonable time."

In the present case the Court was informed that the jury was still divided numerically as it had been the previous night, that the foreman felt a verdict was not probable, and that eleven jurors felt further deliberations would reap no results. The trial judge was not abusing his discretion in considering these findings and declaring a mistrial.

It is ordered that the petition for a writ of habeas corpus be denied.