Michael Lemon McGUIRE, Petitioner,

v.

Paul E. BLUBAUM, Sheriff of Maricopa
County, Arizona, Respondent.

No. Civ–74–323 Phoenix WEC.

United States District Court,
D. Arizona.

June 11, 1974.

Ross P. Lee, Maricopa County Public
Defender, David Brauer, Deputy Public
Defender, Phoenix, Ariz., for plaintiff.

Moise Berger, County Atty., Maricopa
County, John J. Trombino, Deputy Coun-
ty Atty., Phoenix, Ariz., for defendant.

## ORDER

CRAIG, Chief Judge.

Petitioner in this habeas action is currently confined in the Maricopa County Jail awaiting a retrial on a charge of murder. His first trial was declared a mistrial by the judge, *sua sponte,* following a finding that the jury could not reach a verdict. The jury had deliberated approximately four hours. Petitioner contends that a retrial would violate his constitutional right not to be placed twice in jeopardy.

■■ The first issue raised by the petition and the response thereto is whether this action may be appropriately brought at this stage in the state court proceedings. Although petitioner asserts that this court has jurisdiction pursuant to 28 U.S.C. § 2254, it is clear that that section is not relevant to the present proceeding. As respondent correctly points out, Section 2254 applies only to collateral attacks on state court judgments. In the present case there has been no state court judgment.

Rather than to deny this petition for a failure to assert the correct jurisdictional basis, this court will consider the petition pursuant to the basic federal habeas corpus statute, 28 U.S.C. § 2241. *See generally,* Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Section 2241(c)(3) provides that "the writ of habeas corpus shall not extend to a prisoner unless— . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

The early case of Ex parte Royall, 117 U.S. 241, 6 S.Ct. 742, 29 L:Ed. 872 (1886), recognized two important features of the federal habeas corpus procedure. First, the Court stated that federal habeas would lie to adjudicate the merits of an affirmative defense to a pending state prosecution only if "special circumstances" existed requiring immediate action. *Id.* at 253. The second feature is the requirement that the petitioner exhaust his state remedies before bringing the federal action.

■ The "special circumstances" are present in this case. The nature of the double jeopardy provision of the Constitution is such that its protection would be greatly diminished if the petitioner were required to await the outcome of his second trial before he could assert the right. This court concurs in the reasoning of the Fifth Circuit on this identical issue in the case of Fain v. Duff, 488 F. 2d 218 (5th Cir. 1973). Fain was committed to state juvenile authorities following the commission of a rape. When the state discovered that he was to be released from the juvenile institution they sought to charge him as an adult for the same crime. The Court found that any subsequent state prosecution on the charge of rape would violate the double jeopardy provision of the Constitution.

On the issue of whether the individual should be made to go through the second trial before being able to assert the constitutional violation, the court stated:

> Fain is not asserting merely a federal defense to a state prosecution. He is asserting a constitutional right not to be twice put in jeopardy for the same offense. Although double jeopardy (if shown) would certainly be a proper defense to assert at trial and in post-conviction proceedings, the right consists of more than having the second conviction set aside. It consists of being protected from having to undergo the rigors and dangers of a second—illegal—trial. Double jeopardy is not a mere defense to a criminal charge; it is a right to be free from a second *prosecution,* not merely a second *punishment* for the same offense (though that is obviously included in the right.) The prohibition of the Double Jeopardy Clause is "not against being twice punished, but against being twice put in jeopardy."

*Id.* at 224.

In Braden v. Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the

Court allowed a petition for a writ of habeas corpus alleging a constitutional claim of a present denial of a speedy trial even though the petitioner had not yet gone through the trial. The Court noted that their decision did not mean that state prosecutions could be halted by attempts to "litigate constitutional defenses prematurely in federal court." *Id.* at 493. As was the finding in the *Braden* case, the constitutional defense asserted in the present petition is not premature.

■ As for the second requirement of exhaustion of state remedies, petitioner has presented his claim to the state courts and they have declined to consider it. *See* Exhibit D to Petition. Petitioner need only present the state courts an opportunity to consider his constitutional claim on the merits in order to satisfy the exhaustion requirement. *See Braden, supra* at 490.

Turning to the merits of this petition, petitioner first contends that he did not consent to the declaration of the mistrial. When the trial court was informed that the jury had reached some kind of decision counsel for both sides were summoned to the courtroom. However, defense counsel was not reached immediately and, in fact, did not arrive in the courtroom until after the judge had declared a mistrial. A Phoenix attorney, Mr. Robert J. Weber of the Maricopa County Department of Legal Services, did agree to take the place of defense counsel and to receive what he thought was a jury verdict. The transcript shows that Mr. Weber purported to acquiesce in the decision of the trial judge as to whether or not to declare a mistrial. *See* Reporter's Transcript of Proceedings attached to Petition.

For purposes of this petition, this court accepts petitioner's contention that he can not be held to have consented to the declaration of the mistrial.

■ Given this lack of consent on the part of the defendant-petitioner, the mistrial declaration must be shown to have been mandated out of "manifest necessity." United States v. Perez, 22 U.S. 579, 9 Wheat 579, 6 L.Ed. 165 (1824).

The trial judge asked the foreman of the jury whether there was a reasonable probability that the jury could reach a verdict if he sent them out to deliberate further. The foreman replied, "It is our opinion that if you were to send us out again, we could not reach a unanimous verdict." The judge then made a determination that the jury was unable to reach a verdict and, as a result, declared a mistrial.

The Ninth Circuit in Cornero v. United States, 48 F.2d 69 (1931), recognized the discretion given the judge in declaring a mistrial because the jury was unable to arrive at a verdict.

The court stated:

The sound discretion referred to . . . is that discretion of the trial court involved in the determination of when and after how long a deliberation the jury should be discharged, [and,] for the reason that the accused is entitled to have the jury given a reasonable time to arrive at a verdict before a mistrial should be declared and the jury discharged.

*Id.* at 72. *See also,* United States v. Berniker, 439 F.2d 686 (9th Cir. 1971).

■ From the record before this court, it cannot be said that the trial judge abused this discretion. Although the jury had deliberated together for only four hours, they did have the benefit of contemplating their decisions during the overnight recess. *Cf.*, State v. Moore, 108 Ariz. 532, 534, 502 P.2d 1351 (1974). The fact that different courts may differ in the exercise of their discretion is not relevant to the consideration of the allegations of this petition. What is relevant is that the record does not reflect an abuse of this discretionary power on the part of the trial judge.

It is ordered that the petition for a writ of habeas corpus is denied.