Timothy **PROCK**, Petitioner,

v.

**DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA,** Respondent.

**No. 74–1044–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Dec. 12, 1974.

Timothy C. Prock, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the "Petition for Writ of Habeas Corpus and/or Writ of Mandamus and/or Writ of Prohibition" together with Motion for Leave to Proceed in Forma Pauperis and required affidavit presented to the clerk of this court. It appears therefrom that the petitioner is a prisoner confined in the Oklahoma State Penitentiary at McAlester, Oklahoma who seeks in this proceeding to have dismissed the charge of Escape now pending against him in the District Court of Oklahoma County, Case No. CRF–73–2203. He alleges the charge has been pending since August 10, 1973 and the preliminary hearing was not conducted until July 12, 1974. He further alleges that he has not yet been brought to trial although he was scheduled for trial on September 25, 1974 and again on November 20, 1974. It further appears that prior to each of these scheduled trial dates the petitioner filed in the Court of Criminal Appeals for the State of Oklahoma application for a Writ of Mandamus directing the District Court of Oklahoma County to Dismiss said case. His last application was not denied until November 25, 1974.

As grounds for relief herein he contends that he has been denied his constitutional rights to effective assistance of counsel, speedy trial and witnesses in his behalf.

█ The petitioner has not exhausted the remedies available to him in the courts of the State of Oklahoma. 28 U.S.C.A. § 2254 does not apply since it pertains only to a prisoner challenging his detention pursuant to a judgment of conviction in a state court.

█ Although this court may have jurisdiction under 28 U.S.C. § 2241(c)(3) it should not, absent extraordinary circumstances, interfere with the judicial administration and process of state courts prior to trial and conviction, even though the state prisoner claims that he is being held in violation of the

Constitution. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). In Trigg v. Moseley, 433 F.2d 364, 366 (CA 10 1970) the court stated:

"A basic prerequisite for federal habeas relief is that the prisoner exhaust state remedies or show them to be inadequate and ineffective to protect his rights. Lewis v. State of New Mexico, 10 Cir., 423 F.2d 1048, 1049. Nothing in Smith v. Hooey [393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607] relieves a petitioner from proceeding in an orderly manner through the courts of the state where the questioned charge is pending.

" . . . Relief from the detainer in federal habeas proceedings is necessarily predicated on a determination that the petitioner's federal constitutional right to a speedy trial on the underlying charge has been irremediably violated. This decision is primarily for the state court where the charge is pending, not the federal court . . ."

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) the Supreme Court held that a state prisoner who has exhausted all available state remedies and is seeking a prompt trial is entitled to have his claim of the present denial of a speedy trial considered in a federal habeas corpus proceeding. That case is readily distinguishable from that of petitioner Prock because Prock is not seeking a trial but rather to prohibit a trial. This distinction is vital and was recognized by the Supreme Court in *Braden* which pointed out:

" . . . Petitioner does not, . . . seek at this time to litigate a federal defense to a criminal charge but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). He has made repeated demands for trial to the courts of Kentucky, offering those courts an oppor-

tunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial." 410 U.S. 489, 93 S.Ct. 1127.

" . . . Moreover, petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum." 410 U.S. 491, 93 S.Ct. 1128.

" . . . We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defense prematurely in federal court." 410 U.S. 493, 93 S.Ct. 1129.

■ Here the petitioner is seeking to litigate in this proceeding various federal defenses to the criminal charges pending in the Oklahoma County District Court and to forestall the state prosecution of the charge against him. Since he has the right to raise the matters herein complained of again in the District Court at the time of trial or if he is convicted by direct appeal to the Court of Criminal Appeals for the State of Oklahoma, and thereafter, if not satisfied by procedures provided under the Oklahoma Post Convictions Procedure Act, it is clear that the petitioner has not satisfied his exhaustion requirements and this court will not undertake to adjudicate the merits of any affirmative defense the petitioner may have to his pending state charge.

■ Some of the factors to be considered in determining if the petitioner has been denied a speedy trial are: the length of delay, the reason for the delay, the defendant's assertion of right and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These matters may

**318**

better be developed at the trial of petitioner. At best his claims of prejudice are at this time speculative and only by means of a trial will it be known what witnesses appear for or against him and what their testimony may be.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S. C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

It is so ordered.