**Walter BLANCK, Petitioner,**

v.

**WAUKESHA COUNTY, Respondent.**

No. 99–C–260.

United States District Court,
E.D. Wisconsin.

April 7, 1999.

Walter Blanck, Waukesha, WI, plaintiff pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Walter Blanck claims that respondent Waukesha County intends to try him for the same crimes for which he was previously convicted and imprisoned by the state of Illinois. The allegations contained in his pro se petition for a writ of habeas corpus and related documents will be taken as true for present purposes.

Mr. Blanck is accused of kidnapping a woman in Waukesha County, stuffing her in the trunk of his car and driving to Illinois, stopping repeatedly to sexually assault her. The respondent first charged him in 1990, but then agreed to allow the state of Illinois to prosecute him. The trial in Illinois resulted in his convictions for sexual assault and kidnapping. The first of these convictions was reversed, and the sentence for the second conviction was reduced. Since his release from an Illinois prison in July 1997, he has been in the custody of the respondent, awaiting trial for the same conduct that led to his incarceration in Illinois and for which the respondent charged him in 1990.

Mr. Blanck argues that the double jeopardy clause bars the second trial, that his right to a speedy trial has been violated, and that the respondent and the trial court have deprived him of due process. His petition is procedurally unusual, though far from unprecedented. Most habeas petitions seek post-conviction relief, but his seeks the writ prior to his state trial.

The court has jurisdiction over pretrial habeas petitions pursuant to 28 U.S.C. § 2241(c)(3), which permits the issuance of the writ where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States". *United States v. Castor*, 937 F.2d 293, 296 (7th Cir.1991). The form petition provided to petitioner incorrectly cites § 2254, which only applies to prisoners in custody pursuant to a state court "judgment" (*i.e.* conviction); but he realizes that the form "doesn't fit [his] current situation". The court will construe his papers as a petition pursuant to § 2241(c)(3).

Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions. *Id.* (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)). The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances". *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir.1979) (quoting *Braden*, 410 U.S. at 489, 93 S.Ct. 1123).

A claim of double jeopardy presents one such circumstance. The Fifth Amendment's double jeopardy clause protects " 'not against being twice punished, but against being twice put into jeopardy.' " *Harpster v. Ohio*, 128 F.3d 322, 325 (6th Cir.1997) (quoting *Ball v. United States*, 163 U.S. 662, 669, 16 S.Ct. 1192, 41

L.Ed. 300 (1896)), *cert. denied*, —— U.S. ——, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998). Postponing review until after conviction would undermine the purpose of the double jeopardy clause, and for this reason a state criminal defendant with a colorable double jeopardy claim can seek pretrial habeas relief in federal court. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 302–03, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *Reimnitz v. State's Attorney*, 761 F.2d 405, 409–10 (7th Cir. 1985).

■■ Thus, this court can consider Mr. Blanck's double jeopardy claim prior to trial, so long as he has exhausted his state remedies. *See Lydon*, 466 U.S. at 302–03, 104 S.Ct. 1805. Construing his petition liberally, he has raised the claim during his state pretrial proceedings, and the state trial court has denied his motion to dismiss, which I will assume contained the double jeopardy claim. However, there is nothing in his submission to suggest that he has appealed the denial of his claim. In Wisconsin, there is no absolute right to an interlocutory appeal of an order denying a pretrial motion to dismiss based on double jeopardy grounds, but the state supreme court has encouraged the courts of appeal to grant review in such cases. *State v. Jenich*, 94 Wis.2d 74, 292 N.W.2d 348, 349 (1980).

Precisely what the exhaustion doctrine requires under these circumstances is not entirely clear, but other cases involving double jeopardy claims raised in pretrial habeas petitions suggest that Mr. Blanck has not exhausted his remedies. *See, e.g., Lydon*, 466 U.S. at 302–03, 104 S.Ct. 1805 (exhaustion found where Massachusetts' highest court rejected petitioner's precise claim); *Harpster*, 128 F.3d at 325 (requirement met where petitioner raised the claim in trial court and there is no right to interlocutory review); *Benson v. Superior Court Dep't. of the Trial Court of Massachusetts*, 663 F.2d 355, 359 (1st Cir.1981) (requirement not met where precise claim was not presented in the petitioner's state application for interlocutory review).

■■ Even if I were to conclude that Mr. Blanck has exhausted his state remedies, I would deny his double jeopardy claim on the merits. The United States Supreme Court's decision in *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), defeats his claim. There the court held that successive criminal prosecutions by separate states for precisely the same conduct did not violate the double jeopardy clause. *Id.* at 88, 106 S.Ct. 433. In that case, the petitioner claimed that the double jeopardy clause invalidated the death sentence he had received from the state of Alabama because he was already serving a life sentence in Georgia for the same conduct (murder). The Supreme Court disagreed, explaining that under the "dual sovereignty" doctrine, the same act constitutes two separate offenses if it violates the separate laws of two states. *Id.* The principle announced in *Heath* is indistinguishable from the case at bar.

■■ Mr. Blanck also claims that the respondent has violated the "Fed[eral] Speedy Trial Act" by keeping him in prison since July 1997 and repeatedly delaying his trial. Whether I construe this as a claim under the Sixth Amendment's speedy trial clause or under the speedy trial provision of the Interstate Agreement on Detainers Act (adopted by Wisconsin, Illinois and the United States and potentially applicable here), I conclude that this court should not entertain the claim prior to his trial.

As the court noted in *Braden*, "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction." Unlike his double jeopardy claim, this claim can be presented and, if it has merit, vindicated at trial or on appeal. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir.1980) (reversing district court's grant of habeas relief on Sixth Amendment speedy trial

claim because the claim should have been presented at the state trial). *See also Dickerson v. Louisiana,* 816 F.2d 220, 226–27 (5th Cir.1987) (affirming denial of pretrial habeas relief on Sixth Amendment speedy trial claim, citing cases reaching same result, and commenting on lack of authority justifying the grant of pretrial relief); *Neville v. Cavanagh,* 611 F.2d 673, 674–76 (7th Cir.1979) (affirming denial of pretrial habeas petition claiming violation of right to speedy trial under Interstate Agreement on Detainers Act, even though claim was presented to state supreme court).

For the same reason, the court will not consider Mr. Blanck's remaining claims— violation of the statute of limitations, perjured testimony at his preliminary hearing, suppression of exculpatory evidence, and other instances of unfairness during his pretrial proceedings. *See United States v. Elrod,* 589 F.2d 327, 328–29 (7th Cir.1979) (holding that pretrial habeas petition alleging prosecutorial misconduct and due process violations was premature). I decline to disrupt Mr. Blanck's state proceedings to prematurely adjudicate these claims.

A federal district court can deny a habeas petition without requiring the respondent to answer if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. That circumstance is applicable here.

Therefore, IT IS ORDERED that Mr. Blanck's petition for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed.