Arden "Jim" HIRSCH, Petitioner,

v.

Mike SMITLEY, et. al., Respondents.

No. 99–C–887.

United States District Court,
E.D. Wisconsin.

Sept. 21, 1999.

Phyllis L. Alexander, Rapid City, SD, for plaintiff.

Arden C. Hirsch, Tomahawk, WI, pro se.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on Arden Hirsch's ("Hirsch") petition for a writ of habeas corpus under 28 U.S.C. § 2254. A federal district court may deny a writ of habeas corpus outright, without a return from the respondent, when "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. That is the case here.

### I

Hirsch was arrested on January 20, 1998 on a charge of second degree murder in connection with the 1970 death of his then—baby daughter, Laurie Hirsch. Hirsch was subsequently released on bond pending trial, subject to restrictions limiting the extent to which he may leave his residence. As of the date of this order, Hirsch has not been tried on the state murder charge. After "be[ing] scheduled and rescheduled," his current trial date is set for March of 2000. Hirsch argues that the pre-charge delay of 27 years, as well as the post-charge delay of 26 months, violates his constitutional rights to due process and a speedy trial and renders it impossible for him to receive a fair trial. He also argues that the charging documents provided to him in the state criminal case are insufficient to give him notice of the factual allegations underlying the charge of second degree murder. Hirsch asks the Court to order the dismissal of the pending charges against him.

### II

■ As an initial matter, the Court notes that Hirsch proceeds incorrectly under the auspices of 28 U.S.C. § 2254. Section 2254 applies only to collateral attacks on state court "judgments" and therefore has no application in situations where the petitioner is awaiting trial on criminal charges. *See, Blanck v. Waukesha County*, 48 F.Supp.2d 859, 860 (E.D.Wis.1999); *McGuire v. Blubaum*, 376 F.Supp. 284, 285 (D.Ariz.1974); *Prock v. District Court of Oklahoma County*, 391 F.Supp. 315, 316–17 (W.D.Okla.1974); *Prince v. Bailey*, 464 F.2d 544, 545 (5th Cir.1972). Prejudgment habeas relief is available, however, under 28 U.S.C. § 2241, and rather than deny Hirsch's petition for failing to assert the correct jurisdictional basis, the Court treats the same as seeking relief under § 2241. *See, Blanck, supra; McGuire, supra.*

■ "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck*, 48 F.Supp.2d at 860 (citing, *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979)). "While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck, supra* (citing *Neville, supra* ) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)). "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck, supra.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Id.* "A petitioner will be held to have exhausted his remedies before trial only in 'special circumstances' ". *Id.* (quoting *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir.1979) (quoting *Braden*, 410 U.S. at 489, 93 S.Ct. 1123, 35 L.Ed.2d 443)).

■ Hirsch's case does not present the "special circumstances" required to trigger the extraordinary remedy of pretrial federal habeas relief. The most common basis for such relief is where a defen-

dant awaiting trial has a colorable double jeopardy defense. *See, Blanck,* 48 F.Supp.2d at 860–61; *McGuire,* 376 F.Supp. at 285. Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright. *See, Neville,* 611 F.2d at 675–76; *Blanck,* 48 F.Supp.2d at 861–62; *Wingo v. Ciccone,* 507 F.2d 354, 357 (8th Cir.1974); *Prock,* 391 F.Supp. at 316–17. Hirsch does not ask the Court to force a trial in state court in order to protect his constitutional right to a speedy trial. Rather, he asks the Court to dismiss the state criminal case outright on speedy trial grounds, something the Court does not have the power to do. Nor does Hirsch's claim of insufficient charging documents give rise to a basis for pre-trial habeas relief. That claim, like his speedy trial claims, may be effectively vindicated in the state trial and appellate courts, and such state court remedies must be exhausted before he may seek federal habeas relief. To rule otherwise would turn the writ of habeas corpus "into a pretrial-motion forum for ... prisoners" and cause "the derailment of ... pending state proceeding[s] by attempt(ing) to litigate (affirmative) constitutional defenses prematurely in federal court." *Wingo,* 507 F.2d at 357 (quoting *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Hirsch's petition for a writ of habeas corpus is denied and the case dismissed without prejudice.